UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-23388-JLK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

GILBERT FIORENTINO,

                Defendant.
_____/

## FINAL JUDGMENT AS TO DEFENDANT GILBERT FIORENTINO

The Securities and Exchange Commission having filed a Complaint and Gilbert Fiorentino having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 THEREUNDER

**IT IS ORDERED AND ADJUDGED** that Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5(b), by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in any document filed with or furnished to the Securities and Exchange Commission by or on behalf of, or in any communication with any investor or prospective investor in, any company with a class of securities required to be registered or registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), or with a class of securities quoted on an over-the-counter quotation system.

## II.

### VIOLATION OF SECTION 14(a) OF THE EXCHANGE ACT AND RULES 14a-3 AND 14a-9 THEREUNDER

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rules 14a-3 and 14a-9, 17 C.F.R. §§ 240.14a-3, 240.14a-9, by using the mails or any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate for the public interest of for the protection of investors to solicit by means of any proxy statement, form of proxy,

notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances in which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements herein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

### III.

### VIOLATION OF SECTION 13(b)(5) OF THE EXCHANGE ACT AND RULE 13b2-1

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Rule 13b2-1 promulgated thereunder, 17 C.F.R. § 240.13b2-1, by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

### IV.

### VIOLATION OF EXCHANGE ACT RULE 13b2-2

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2, directly or indirectly, by:

(a) making or causing to be made a materially false or misleading statement to an accountant in connection with; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to an accountant in connection with:

    (1) any audit, review or examination of the financial statements of an issuer; or

    (2) the preparation or filing of any document or report required to be filed with the Commission.

## V.

### AIDING AND ABETTING VIOLATIONS OF SECTION 13(a) OF EXCHANGE ACT AND RULES 12b-20 AND 13a-1

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-1, 17 C.F.R. §§ 240.12b-20, 13a-1, by knowingly providing substantial assistance to an issuer in its failure to:

(a) file timely annual reports with the Commission that contain:

    (1) such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act; and

4

  (2) such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports as the Commission may prescribe; and

(b) add such further material information, if any, as may be necessary to make required statements, in the light of the circumstances under which they were made, not misleading, to that information expressly required to be included in a statement or report.

## VI.

### AIDING AND ABETTING VIOLATIONS OF SECTION 13(b)(2)(A) OF EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer in its failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets.

## VII.

### AIDING AND ABETTING VIOLATIONS OF SECTION 13(b)(2)(B) OF EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** Fiorentino and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and

enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(i) transactions are executed in accordance with management's general or specific authorization;

(ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

(iii) access to assets is permitted only in accordance with management's general or specific authorization; and

(iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Fiorentino is prohibited, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IX.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Fiorentino shall pay a civil penalty in the amount of $65,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Fiorentino shall make this payment within 14 days after entry of this Final Judgment.

Fiorentino may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Fiorentino may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying Fiorentino as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Fiorentino shall simultaneously transmit photocopies of evidence of payment and case identifying information to C. Ian Anderson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Fiorentino relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to

Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Fiorentino shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## X.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Fiorentino shall comply with all of the undertakings and agreements set forth therein.

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Sept. 18, 2012

James Lawrence King
UNITED STATES DISTRICT JUDGE